Eric J. Goodman (CA State Bar No. 210694)
**GOODMAN MOONEY, LLP**
18012 Cowan, 2nd Floor
Irvine, California 92614
Telephone: (949) 622-0020
Email: litigation@goodmanmooney.com

Gregory P. Goonan (CA State Bar No. 119821)
**THE AFFINITY LAW GROUP**
5230 Carroll Canyon Road, Suite 230
San Diego, California 92121
Telephone: (858) 412-4296
Email: ggoonan@affinity-law.com

Attorneys for Plaintiff
CLAIMTEK, LLC, dba CLAIMTEK SYSTEMS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAIMTEK, LLC, a California limited liability company, doing business as CLAIMTEK SYSTEMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MED OFFICE GROUP INC., a Colorado corporation; JOHN WARREN, an Individual; and DOES 1 through 10, Inclusive,<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF**<br><br>**1. Breach of Contract**<br>**2. Trademark Infringement Under 15 U.S.C. §1114**<br>**3. False Designation of Origin & Unfair Competition Under § 15 U.S.C. § 1125(a)**<br>**4. Accounting**<br><br>**DEMAND FOR JURY TRIAL** |

　　Plaintiff CLAIMTEK, LLC, a California limited liability company, doing business as CLAIMTEK SYSTEMS ("ClaimTek") files this Complaint and complains and alleges as follows against Defendants MED OFFICE GROUP INC., a Colorado corporation ("MOG") and JOHN WARREN, an individual ("WARREN"). MOG and WARREN are sometimes collectively referred to as "Defendants."

-1-
**COMPLAINT**

## NATURE OF CLAIMS

1. ClaimTek is the developer and owner of a medical office billing program called the "ClaimTek Systems Billing Center Program" (the "Program").

2. The Program is identified by, and marketed and sold under, the trademark "MEDOFFICE."

3. ClaimTek owns all right, title and interest in and to the "MEDOFFICE" trademark. The MEDOFFICE trademark is protected by United States Trademark Registration No. 4,435,991 owned by ClaimTek.

4. On or about February 28, 2021, MOG entered into a written agreement with ClaimTek (the "Agreement") by which MOG acquired a non-exclusive license to use the Program.

5. The Agreement expressly provides that ClaimTek's trademarks "shall not be used in Licensee's company name." Nevertheless, MOG has used and continues to use ClaimTek's MEDOFFICE trademark in its company name, thereby breaching the Agreement and infringing ClaimTek's MEDOFFICE trademark.

6. ClaimTek brings this action to secure damages and equitable relief against Defendants for breach of the Agreement, trademark infringement, and violation of Section 43(a) of the Lanham Act.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over this action and the claims asserted herein pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and § 1338(a)-(b) (patent, copyright, trademark and unfair competition jurisdiction) because this action arises under the federal Trademark Act, 15 U.S.C. § 1051.

8. This Court has subject matter jurisdiction over Plaintiff's breach of contract claim under state law pursuant to 28 U.S.C. § 1338(b) and § 1367 ("supplemental jurisdiction") because such claim is so related to the federal law claims in this action that they form a part of the same case or controversy under

Article III of the United States Constitution.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. The Agreement also has a forum selection clause that provides that "that the forum and place of any dispute and resolution of any dispute, relating to or arising out of this contract, shall be in the State of California."

## THE PARTIES

10. Plaintiff CLAIMTEK, LLC doing business as CLAIMTEK SYSTEMS ("ClaimTek"), is a limited liability company organized and existing under the laws of the State of California with its principal place of business in Irvine, California.

11. ClaimTek is a software developer and licensor of medical and dental billing software since at least as early as 1996.

12. ClaimTek has developed and offers for license a professional suite of modern software applications providing dynamic billing and practice management resources for medical offices.

13. ClaimTek is informed and believes and thereon alleges that defendant MED OFFICE GROUP INC. ("MOG") is a Colorado corporation with its principal place of business in Manitou Springs, Colorado.

14. ClaimTek is informed and believes and thereon alleges that defendant JOHN WARREN ("WARREN") is an individual residing in the State of Colorado.

15. ClaimTek is informed and believes and thereon alleges that WARREN is a principal of MOG, is responsible for, and/or participated in, authorized, directed, controlled, induced, and/or benefitted from, the wrongful acts alleged herein and therefore is liable for such acts.

16. ClaimTek is unaware of the true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive. Therefore, ClaimTek sues said defendants by such fictitious names. ClaimTek is informed and believes and

thereon alleges that DOES 1 through 10, and each of them, are in some way associated with Defendants and/or responsible for the wrongdoing alleged herein, and ClaimTek prays that their true names and capacities, when ascertained, may be incorporated by appropriate amendment.

17. ClaimTek is informed and believes and thereon alleges that at all times herein mentioned, each and every defendant was the agent, servant, employee, joint venturer, partner, subsidiary, and/or co-conspirator of each other defendant, and that, in performing or failing to perform the acts herein alleged, each was acting individually as well as through and in the foregoing alleged capacity and within the course and scope of such agency, employment, joint venture, partnership, subsidiary and/or conspiracy, and each other defendant ratified and affirmed the acts and omissions of the other defendants. ClaimTek is further informed and believes that each defendant, in taking the actions alleged herein and/or ratifying the actions alleged herein, acted within the course and scope of such authority and, at the same time, for their own financial and individual advantage, as well as in the course and scope of such employment, agency and as an alter ego therein.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

A. <u>The MEDOFFICE® Trademark</u>

18. Since at least as early as 1996, ClaimTek has developed and has offered for license a suite of software applications providing dynamic billing and practice management resources for medical practices.

19. ClaimTek's software applications are identified by and offered for sale and sold under ClaimTek's MEDOFFICE trademark.

20. ClaimTek has built a prominent reputation within the medical community through its MEDOFFICE branded billing software.

21. As a result of ClaimTek's extensive advertisement, promotion, and use, of its MEDOFFICE trademark, such trademark has developed enormously valuable goodwill and is an extremely valuable asset owned by ClaimTek.

22. ClaimTek is the owner of United States Trademark Registration No. 4,435,991 (the "MEDOFFICE® Registration") for the MEDOFFICE® trademark for "business software, namely, billing and practice management software for use in the medical field" in International Class 9.

23. The MEDOFFICE® Registration was issued on November 19, 2013, and has been renewed accordingly.

24. The MEDOFFICE® Registration is incontestable and therefore constitutes conclusive evidence of ClaimTek's ownership of and exclusive rights in and to the MEDOFFICE® mark.

B. <u>The Agreement</u>

25. On or about February 28, 2021, ClaimTek entered into a written contract with MOG entitled the "ClaimTek Systems Contract, Licensing, Training & Support Agreement" ( the "Agreement").

26. A true and correct copy of the Agreement is attached hereto to as Exhibit "1" and incorporated herein as though fully set forth.

27. By the Agreement, MOG purchased licenses for five individuals for the MEDOFFICE® software including a full package of the software, training, practice management, printed materials, online support, and other items.

28. The Agreement grants permission to MOG to use ClaimTek's trademarks 'MEDOFFICE®' and 'DentOffice®,' along with the MEDOFFICE® and DentOffice® logos, on MOG's marketing materials.

29. The Agreement specifically provides that MOG could only use ClaimTek's trademarks in the following forms: 'MEDOFFICE® Provider' 'DentOffice® Provider,' and/or 'ClaimTek Affiliate.'

30. The Agreement expressly provides that ClaimTek's trademarks "shall not be used in Licensee's company name."

31. The Agreement also expressly provides that "Licensee acknowledges and agrees that all ownership rights and title to the CLAIMTEK SYSTEMS, related

copyrights, or trademarks shall remain with CLAIMTEK SYSTEMS and licensee shall not use CLAIMTEK SYSTEMS Trade names or logo for any purpose other than what has been described in . . . this agreement."

32. MOG has been and is doing business as "Med Office Group, Inc." at all relevant times and therefore has used and continues to use ClaimTek's MEDOFFICE® trademark in its company name in direct violation and breach of the Agreement.

33. On or about April 26, 2022, ClaimTek demanded that MOG cease and desist the unauthorized use of ClaimTek's MEDOFFICE® trademark as part of MOG's corporate name.

34. To date, MOG has failed and refused to stop using ClaimTek's MEDOFFICE® trademark as part of MOG's corporate name.

## FIRST CLAIM FOR RELIEF
## (Breach of Contract)
## (Against MOG)

35. ClaimTek realleges each and every allegation set forth in Paragraphs 1 through 34, inclusive, and incorporates them by reference herein.

36. As alleged herein, ClaimTek and MOG entered into the Agreement on or about February 28, 2021.

37. ClaimTek has done all, or substantially all, of the material things that the Agreement required it to do, or it is excused from doing those things. All conditions required by the Agreement for MOG's performance occurred.

38. MOG breached the Agreement by doing business under the name Med Office Group, Inc. and thereby using ClaimTek's MEDOFFICE® trademark in its company name.

39. Despite ClaimTek's demand that it cease and desist from doing so, MOG continues to do business under the Med Office Group, Inc. name and continues to breach the Agreement by using ClaimTek's MEDOFFICE® trademark

in its company name.

40. As a direct and proximate result of MOG's breach of the Agreement, ClaimTek's trademark rights and prominent reputation in the medical community have been damaged.

41. ClaimTek has been and will continue to suffer lost revenues and other economic and general damages, the exact amount of which has not been ascertained, but will be according to proof.

42. ClaimTek is entitled to an award of its attorneys' fees and costs pursuant to Paragraph 43 of the Agreement.

### SECOND CLAIM FOR RELIEF

### (Infringement of Federally Registered Mark Under 15 U.S.C. §1114)

### (Against All Defendants)

43. ClaimTek realleges each and every allegation set forth in Paragraphs 1 through 42, inclusive, and incorporates them by reference herein.

44. As alleged herein, Defendants have used, and continue to use, the MEDOFFICE® trademark in commerce in violation of the restrictions in the Agreement and in a manner not approved by ClaimTek.

45. Defendants' actions as alleged herein constitute infringement of ClaimTek's federally-registered MEDOFFICE® trademark and violate Section 32 of the Lanham Act, 15 U.S.C. § 1114.

46. The actions of Defendants as alleged herein have at all relevant times been willful.

47. ClaimTek is informed and believes and thereon alleges that Defendants, and each of them, will continue to infringe Plaintiff's MEDOFFICE® trademark unless enjoined from doing so.

48. ClaimTek has been, and continues to be, irreparably injured as a result of the infringing activities of Defendants, and each of them, as alleged herein and has no adequate remedy at law.

49. ClaimTek is entitled to temporary, preliminary, and permanent injunctive relief against further infringing conduct by Defendants.

50. Defendants' actions have injured and damaged ClaimTek in an amount to be proven at trial. Defendants have illegally profited from their infringement of ClaimTek's MEDOFFICE® trademark in an amount to be proven at trial.

51. ClaimTek is entitled to an award of its attorneys' fees and costs, and treble its actual damages, pursuant to 15 U.S.C. § 1125.

## THIRD CLAIM FOR RELIEF

### (False Designation of Origin and Unfair Competition Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

### (Against All Defendants)

52. ClaimTek realleges each and every allegation set forth in Paragraphs 1 through 51, inclusive, and incorporates them by reference herein.

53. The conduct of Defendants, and each of them, as alleged herein, constitutes false designation of origin, unfair competition, and/or false advertising, in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

54. The actions of Defendants as alleged herein have at all relevant times been willful.

55. ClaimTek is informed and believes and thereon alleges that Defendants, and each of them, will continue to Lanham Act Section 43(a) unless enjoined from doing so.

56. ClaimTek has been, and continues to be, irreparably injured as a result of the wrongful actions of Defendants, and each of them, as alleged herein and has no adequate remedy at law.

57. ClaimTek is entitled to temporary, preliminary, and permanent injunction relief against further infringing conduct by Defendants, and each of them.

58. Defendants' actions have injured and damaged ClaimTek in an amount to be determined at trial.

59. Defendants have illegally profited from their Lanham Act Section 43(a) in an amount to be proven at trial.

60. ClaimTek is entitled to an award of its attorneys' fees and costs, and treble its actual damages, pursuant to 15 U.S.C. § 1125.

## FOURTH CLAIM FOR RELIEF

## (Accounting Against All Defendants)

61. ClaimTek realleges each and every allegation set forth in Paragraphs 1 through 60, inclusive, and incorporates them by reference herein.

62. As alleged herein, ClaimTek has an interest in and a right to recover all profits generated by Defendants from the wrongful exploitation of the MEDOFFICE® trademark.

63. ClaimTek is informed and believes and thereon alleges that Defendants have generated an undetermined yet substantial amount of money and profit by virtue of their unlawful use of the MEDOFFICE® trademark.

64. The amount of money and profit due from Defendants is unknown to ClaimTek and cannot be ascertained without an accounting of all of Defendants' financial records related to the use of the MEDOFFICE trademark and their infringing and unlawful activities.

65. Accordingly, ClaimTek is entitled to and hereby requests an accounting.

## PRAYER FOR RELIEF

WHEREFORE, ClaimTek requests judgment against Defendants, and each of them, as follows:

A. That the Court render a final judgment in favor of ClaimTek and against Defendants, and each of them, on all claims for relief alleged herein;

B. That Defendants' actions be deemed willful;

C. That the Court render a final judgment declaring that Defendants, and each of them, have willfully violated 15 U.S.C. § 1114 by infringing ClaimTek's

rights in the MEDOFFICE® trademark;

  D. That the Court enter a final judgment declaring that Defendants, and each of them, have willfully violated the provisions of 15 U.S.C. § 1125(a);

  E. That Defendants, their agents, servants, employees, attorneys, successors, and assigns, including the officers and principals of each Defendant, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, be temporarily, preliminarily, and permanently enjoined from:

    1. using the Med Office Group, Inc. name, the MEDOFFICE® trademark, and/or any other name, term, logo, or phrase that is confusingly similar to the MEDOFFICE® trademark, to market, advertise, promote, distribute, sell, offer for sale, and/or identify Defendants' goods and/or services;

    2. otherwise infringing the MEDOFFICE® trademark;

    3. engaging in conduct that violates Lanham Act Section 43(a), 15 U.S.C. § 1125(a);

  F. That Defendants be directed to file with this Court and serve on ClaimTek within thirty (30) days after the service of the injunction, a report, in writing and under oath, setting forth the manner and form in which Defendants have complied with the injunction pursuant to 15 U.S.C. § 1116;

  G. That Defendants be required to deliver and destroy within thirty (30) days all devices, literature, advertising, packaging, goods and other materials bearing the Med Office Group, Inc. name pursuant to 15 U.S.C. § 1118;

  H. That Defendants be required to account to ClaimTek for any and all profits derived by Defendants and all damages sustained by ClaimTek by virtue of Defendants' acts complained of herein;

  I. That Defendants be ordered to pay to ClaimTek all damages sustained as a consequence of the acts complained of herein, subject to proof at trial;

J. That ClaimTek be awarded damages including disgorgement of Defendants' profits due to its infringement pursuant to 15 U.S.C. § 1117, together with prejudgment and post-judgment interest;

K. In the alternative, that Defendants be ordered to pay to ClaimTek statutory damages in an amount according to proof at trial, based on the willful infringement of the MEDOFFICE® trademark;

L. That this case be deemed exceptional and that the amount of the damages be trebled and that the amount of profits be increased by as many times as the Court deems appropriate;

M. That the Defendants be required to pay the ClaimTek's costs, expenses, and reasonable attorney fees in connection with this action; and

N. For such other and further relief as this Court may deem just and proper.

Dated: September 15, 2022               GOODMAN MOONEY, LLP

                                        By: *Eric Goodman*
                                        Eric J. Goodman, Esq.
                                        Attorneys for Plaintiff

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, ClaimTek demands a trial by jury on all issues raised by the Complaint that are triable by jury.

Dated: September 15, 2022

GOODMAN MOONEY, LLP

By: *Eric Goodman*
Eric J. Goodman, Esq.
Attorneys for Plaintiff