UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:22-cv-01696-FWS-DFM                                                        Date: May 7, 2024
Title: Claimtek, LLC dba Claimtek Systems v. Med Office Group Inc. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                                    Attorneys Present for Defendants:

Not Present                                                                         Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [33]**

Before the court is Plaintiff Claimtek, LLC's ("Plaintiff") Motion for Default Judgment ("Motion" or "Mot."). (Dkt. 33) The Motion is supported by the declarations of Plaintiff's counsel Eric Goodman ("Goodman Decl.") and Plaintiff's Manager Khalil Farhat ("Farhat Decl."). (Dkts. 33-2; 33-3.) The Motion is unopposed. (*See generally* Dkt.) The court found this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the state of the record, as applied to the applicable law, the Motion is **DENIED WITHOUT PREJUDICE**.

### I.     Factual Background

Plaintiff alleges the following.[1] Defendant Med Office Group Inc. ("Med Office Group") is a Colorado corporation with its principal place of business in Manitou Springs, Colorado. (*See* Dkt. 1 ("Compl.") ¶ 13.) Mr. Warren serves as a principal of Med Office Group, is

---

[1] For purposes of the Motion, the court accepts "the well-pled allegations in the complaint regarding liability" as true. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01696-FWS-DFM                                      Date: May 7, 2024
Title: Claimtek, LLC dba Claimtek Systems v. Med Office Group Inc. *et al.*

responsible for, and/or participated in, authorized, directed, controlled, induced, and/or benefitted from Med Office Group's alleged wrongful acts.  (*Id.* ¶ 15.)

Plaintiff is a California limited liability company.  (*Id.* ¶ 10.)  Plaintiff has operated as a software developer and licensor of medical and dental billing software since approximately 1996.  (*Id.* ¶ 11.)  Plaintiff offers licenses for a professional suite of modern software applications that provide dynamic billing and practice management resources for medical offices.  (*Id.* ¶¶ 12, 18.)

Plaintiff's software applications are identified by, offered for sale, and sold under the "MEDOFFICE" trademark.  (*Id.* ¶ 19.)  Plaintiff owns the MEDOFFICE trademark, United States Trademark Registration No. 4,435,991, for "business software, namely, billing and practice management software for use in the medical field" in International Class 9.  (*Id.* ¶ 22.)  The MEDOFFICE trademark was issued on November 19, 2013, and has been subsequently renewed.  (*Id.* ¶¶ 22-24.)  Plaintiff has built a prominent reputation within the medical community through its MEDOFFICE branded billing software.  (*Id.* ¶ 20.)  In addition, the MEDOFFICE trademark has development "enormously valuable" goodwill as a result of Plaintiff's extensive advertisement, promotion, and use.  (*Id.* ¶ 21.)

On or about February 28, 2021, Plaintiff entered into the ClaimTek Systems Contract, Licensing, Training & Support Agreement ("ClaimTek Systems Agreement") with Med Office Group.  (*Id.* ¶ 25 & Exh. 1.)  Under the ClaimTek Systems Agreement, Med Office Group purchased MEDOFFICE software licenses for five individuals which included software, training, practice management, printed materials, online support, and other items.  (*Id.* ¶ 27.)  The ClaimTek Systems Agreement authorized Med Office Group to use the MEDOFFICE and "DentOffice" trademarks and logos on Med Office Group's marketing materials in a limited capacity by using the terms "MEDOFFICE Provider," "DentOffice Provider," and/or "ClaimTek Affiliate."  (*Id.* ¶ 29.)  The ClaimTek Systems Agreement prohibited the licensees from using Plaintiff's trademarks in the licensees' company name or for any purpose not explicitly described in the ClaimTek Systems Agreement.  (*Id.* ¶¶ 30-31.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01696-FWS-DFM                        Date: May 7, 2024
Title: Claimtek, LLC dba Claimtek Systems v. Med Office Group Inc. *et al.*

During the relevant period, Med Office Group, Inc. has been doing business as "Med Office Group, Inc." and thus has used and continues to use Plaintiff's MEDOFFICE trademark in its company name in violation of the ClaimTek Systems Agreement. (*Id.* ¶ 32.) On or about April 26, 2022, Plaintiff demanded that Med Office Group cease and desist its unauthorized use of the MEDOFFICE trademark as part of Med Office Group's corporate name. (*Id.* ¶ 33.) Med Office Group refused to stop using the MEDOFFICE trademark as part of its corporate name. (*Id.* ¶ 34.)

As a result, Plaintiff initiated this action on September 15, 2022, asserting a claim for breach of contract against Med Office Group and claims for trademark infringement in violation of 15 U.S.C. § 1114, false designation of origin and unfair competition in violation of 15 U.S.C. § 1225(a), and accounting against both Defendant Med Office Group and Defendant Warren (collectively, "Defendants"). (*See id.* ¶¶ 35-65.)

## II. Legal Standard

### A. Procedural Requirements for Default Judgment

A party seeking a default judgment must satisfy the procedural requirements of the Federal Rules of Civil Procedure and the Central District of California's Local Rules. *Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc.*, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Under Federal Rule of Civil Procedure 55(b), a party may only seek a default judgment from the court following an entry of default by the Clerk of Court. Fed. R. Civ. P. 55(b). Additionally, the "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The party also must comply with Local Rule 55-1 by submitting a declaration alongside the motion for default judgment that includes the following information:

> (1) when and against what party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a guardian, committee,

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01696-FWS-DFM                                  Date: May 7, 2024
Title: Claimtek, LLC dba Claimtek Systems v. Med Office Group Inc. *et al.*

---

> conservator, or other representative; (4) that the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (5) that notice has been served on the defaulting party, if required by F.R.Civ.P. 55(b)(2).

L.R. 55-1.

### B. Substantive Requirements to Grant Default Judgment

Where a party seeking default judgment meets the procedural requirements, the court then considers the factors set forth by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), to determine whether to grant the requested default judgment, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72.

"The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (internal quotation marks and citations omitted)); *see also Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) ("With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true.").

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01696-FWS-DFM     Date: May 7, 2024
Title: Claimtek, LLC dba Claimtek Systems v. Med Office Group Inc. *et al.*

### III. Discussion

#### A. Subject Matter Jurisdiction, Personal Jurisdiction, and Service

Before entering default judgment against a non-appearing party, district courts have an affirmative duty to consider subject matter jurisdiction, personal jurisdiction, and service. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

The court finds all three jurisdictional requirements are met here. First, the court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1338 and 1367. *See* 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks.").

Second, the court may exercise personal jurisdiction over Defendants pursuant to the forum-selection clause in ClaimTek System Agreement. "[T]here are a variety of legal arrangements by which a litigant may give express or implied consent to the personal jurisdiction of the court," including by "stipulat[ing] in advance to submit . . . controversies for resolution within a particular jurisdiction." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) (internal quotation marks and citations omitted); *see also SEC v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007) ("[T]he parties may consent to jurisdiction through a forum selection clause in a contract").

Here, the ClaimTek Systems Agreement provides that the parties "expressly agree[] and acknowledge[] that the forum and place of any dispute and resolution of any dispute, relating to or arising out of this contract, shall be in the State of California." (Compl., Exh. 1 ¶ 19.) The record before the court suggests the Claimtek Systems Agreement was "freely negotiated" and not "unreasonable or unjust" and is therefore enforceable. *See Burger King Corp.*, 471 U.S. at 472 n.14 (citation omitted); *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081-82 (9th Cir. 2009) (stating that forum selection clause designating the courts "in" a state encompasses federal courts);

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01696-FWS-DFM                              Date: May 7, 2024
Title: Claimtek, LLC dba Claimtek Systems v. Med Office Group Inc. *et al.*

---

*Ultratech, Inc. v. Ensure NanoTech (Beijing) Inc.*, 108 F. Supp. 3d 816, 822 (N.D. Cal. 2015) ("With one exception, every district court in our circuit that has considered whether to apply a forum-selection clause to a corporate officer or related company that was not part of the agreement to which it applies in his or her individual capacity has enforced that forum-selection clause, provided the claims in the suit related to the contractual relationship."). The court concludes Defendants consented to personal jurisdiction in California by signing the ClaimTek Systems Agreement.

Third, Plaintiff has also provided sufficient proof of service. The court previously authorized Plaintiff to serve Defendant Warren by publication pursuant to California Code of Civil Procedure § 415.50(a) and Defendant Med Office Group by serving the California Secretary of State pursuant to California Corporations Code § 2111(a). (Dkt. 21.) Plaintiff filed proofs of service indicating it effectuated service as to Defendant Med Office Group on September 21, 2023, and Defendant Warren on October 9 and 12, 2023. (Dkts. 24, 25, 26.)

    **B.  Procedural Requirements**

The court finds Plaintiff has met the procedural requirements for default judgment under Local Rule 55-1. The declaration of Plaintiff's counsel indicates that the Clerk entered default against Defendant on November 20, 2023, as to the Complaint. (Goodman Decl. ¶ 3; *see also* Dkt. 29.) The declaration also provides that neither Med Office Group nor Mr. Warren is a minor, incompetent person, or person protected by the Servicemembers Civil Relief Act, 50 U.S.C. App. § 521. (*See* Goodman Decl. ¶¶ 5-6.) Finally, Plaintiff's requested relief—injunctive relief, attorneys' fees, and costs—does not differ in kind or exceed in amount the relief requested in the Complaint. *See* Fed. R. Civ. P. 54(c); (Compl., Prayer for Relief). Accordingly, the court concludes Plaintiff has satisfied the procedural requirements for default judgment and thus proceeds to the *Eitel* factors. *See Eitel*, 782 F.2d at 1471-72.

    **C.  Application of the *Eitel* Factors**

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01696-FWS-DFM     Date: May 7, 2024
Title: Claimtek, LLC dba Claimtek Systems v. Med Office Group Inc. *et al.*

1. <u>Possibility of Prejudice to Plaintiff</u>

The first *Eitel* factor "considers whether the plaintiff will suffer prejudice if default judgment is not entered." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). In this case, neither Med Office Group nor Mr. Warren has answered or otherwise participated in this action. (*See generally* Dkt.) Thus, the court finds Plaintiff would likely suffer prejudice absent a default judgment because Plaintiff would "be without other recourse for recovery." *See PepsiCo*, 238 F. Supp. 2d at 1177. Accordingly, the court concludes the first *Eitel* factor weighs in favor of granting default judgment.

2. <u>The Merits of Plaintiff's Claims and the Sufficiency of the Complaint</u>

Next, under the second and third *Eitel* factors, the court considers the substantive merits of Plaintiff's claims and the sufficiency of the Complaint. *Eitel*, 782 F.2d at 1471; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (explaining "the issue [as to the second and third factors] is whether the allegations in the complaint are sufficient to state a claim"); *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) ("Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together."). In performing this analysis, the court accepts all well-pleaded allegations regarding liability as true. *See Fair Hous. of Marin*, 285 F.3d at 906 ("[T]he general rule is that well-pled allegations in the complaint regarding liability are deemed true.").

As discussed above, Plaintiff asserts four claims: (1) trademark infringement against both Defendants; (2) unfair competition and false designation of origin against both Defendants; (3) breach of contract against Med Office Group; and (4) accounting against both Defendants. The court assesses the sufficiency of each claim in turn.

    i. *Trademark Infringement and False Designation of Origin Against Defendants*

Although "there are some differences between a claim under § 1114 (trademark infringement) and § 1125(a) (false designation of origin), 'the analysis under the two provisions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01696-FWS-DFM                                Date: May 7, 2024
Title: Claimtek, LLC dba Claimtek Systems v. Med Office Group Inc. *et al.*

is oftentimes identical.'" *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1079 (C.D. Cal. 2012) (quoting *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1047 n.8 (9th Cir. 1999)); *see also Walter v. Mattel, Inc.*, 210 F.3d 1108, 1111 (9th Cir. 2000) ("The test for false designation under the Lanham Act, as well as the common-law and statutory unfair competition claims, is whether there was a 'likelihood of confusion.'") (citation omitted), *holding modified on other grounds by Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625 (9th Cir. 2005); *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 632 (9th Cir. 2008). Therefore, the court assesses the sufficiency of Plaintiff's trademark infringement and false designation of origin claims jointly.

To succeed on a claim of trademark infringement under the Lanham Act, a plaintiff must allege: (1) " a protectible ownership interest in the mark"; and (2) "a likelihood of 'consumer confusion' in the defendant' use of its allegedly infringing mark." *Lodestar Anstalt v. Bacardi & Co. Ltd.*, 31 F.4th 1228, 1245 (9th Cir. 2022) (quoting *Rearden LLC v. Rearden Com.*, Inc., 683 F.3d 1190, 1202 (9th Cir. 2012)). As to the first element, "[r]egistration of a mark 'on the Principal Register in the Patent and Trademark Office constitutes prima facie evidence of the validity of the registered mark and of [the registrant's] exclusive right to use the mark on the goods and services specified in the registration.'" *Applied Info. Scis. Corp. v. eBAY, Inc.*, 511 F.3d 966, 970 (9th Cir. 2007) (quoting *Brookfield Commc'ns,* 174 F.3d at 1047).

As to the second element, courts in the Ninth Circuit rely on the eight-factor *Sleekcraft* test to determine whether defendant's use of the mark is likely to cause consumer confusion. *See JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1106 (9th Cir. 2016). Courts consider the following "*Sleekcraft* factors":

> (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01696-FWS-DFM    Date: May 7, 2024
Title: Claimtek, LLC dba Claimtek Systems v. Med Office Group Inc. *et al.*

---

*Ironhawk Techs., Inc. v. Dropbox, Inc.*, 2 F.4th 1150, 1160 (9th Cir. 2021) (citations omitted); *see also AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979), *abrogated in part on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 810 n.19 (9th Cir. 2003)).

"The presence or absence of a particular factor does not necessarily drive the determination of a likelihood of confusion." *Ironhawk Techs.*, 2 F.4th at 1161 (quoting *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1290 (9th Cir. 1992)). Instead, "it is 'the totality of facts in a given case that is dispositive.'" *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1125 (9th Cir. 2014) (quoting *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1141 (9th Cir. 2002)).

The court finds Plaintiff has failed to allege a likelihood of consumer confusion.[2] Here, the Complaint alleges only that Med Office Group is using the MEDOFFICE trademark in its corporate name and that, as a result, Plaintiff's "trademark rights and prominent reputation in the medical community have been damaged." (*Id.* ¶¶ 40, 43-51.) Plaintiff neither argues that Med Office Group's purported use of the MEDOFFICE trademark is likely to cause consumer confusion in the Motion, including any discussion of the *Sleekcraft* factors, nor alleges any facts plausibly suggesting a likelihood of consumer confusion in the Complaint. For example, the Complaint alleges no information regarding the types of goods or services Med Office Group provides, the marketing channels Med Office Group utilizes, the geographic scope of Med Office Group's operations, or the manner in which Med Office Group uses the MEDOFFICE trademark. (*See generally id.*)

Absent such information, the court finds Plaintiff has not adequately alleged "a reasonably prudent consumer" would "likely be confused as to the origin or source of the goods or services bearing one of the marks." *See, e.g.*, *Brookfield Commc'ns, Inc*, 174 F.3d at 1054

---

[2] Plaintiff sufficiently alleges a protectible ownership in the MEDOFFICE trademark by pleading the federal registration number, United States Trademark Registration No. 4,435,991. (*See, e.g.*, Compl. ¶¶ 22-24.)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01696-FWS-DFM                                    Date: May 7, 2024
Title: Claimtek, LLC dba Claimtek Systems v. Med Office Group Inc. *et al.*

___

("Even where there is precise identity of a complainant's and an alleged infringer's mark, there may be no consumer confusion—and thus no trademark infringement—if the alleged infringer is in a different geographic area or in a wholly different industry.") (citations omitted). Accordingly, the court concludes Plaintiff has not plausibly alleged claims for trademark infringement or false designation of origin. *See, e.g.*, *Motul S.A. v. USA Wholesale Lubricant, Inc.*, --- F. Supp. 3d ---, 2023 WL 5061945, at *8 (N.D. Cal. Aug. 8, 2023) (finding that the plaintiff's trademark infringement failed where the complaint did not plausibly allege facts demonstrating a likelihood of confusion); *Performance Designed Prods. LLC v. Plantronics, Inc.*, 2023 WL, at *5 (S.D. Cal. July 15, 2019) (same); *Yaros v. Kimberly Clark Corp.*, 2018 WL 1744675, at *3 (S.D. Cal. Apr. 11, 2018) (same).

          ii.     Breach of Contract Against Med Office Group

To state a breach of contract claim under California law, a plaintiff must allege: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (citing *Reichert v. Gen. Ins. Co.*, 68 Cal. 2d 822, 830 (1968)); *accord CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008). A contract is enforceable is the terms are sufficiently definite such that the court can "ascertain the parties' obligations" and "determine whether those obligations have been performed." *Ersa Grae Corp. v. Fluor Corp.*, 1 Cal. App. 4th 613, 623 (1991).

In this case, Plaintiff alleges that: (1) Plaintiff entered into the ClaimTek Systems Agreement with Med Office Group on February 28, 2021, (Compl. ¶ 27 & Exh. 1); (2) Plaintiff performed all of its obligations under the ClaimTek Systems Agreement, except those that have been waived or excused, (*id.* ¶ 37); (3) Med Office Group breached the ClaimTek Systems Agreement by doing business under the name Med Office Group and using the MEDOFFICE trademark in its company name, (*id.* ¶¶ 27-32, 38, 39); and (4) "ClaimTek's trademark rights and prominent reputation in the medical community have been damaged" as a result of Med Office Group's breach and "ClaimTek has been and will continue to suffer lost revenues and

___

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01696-FWS-DFM                                    Date: May 7, 2024
Title: Claimtek, LLC dba Claimtek Systems v. Med Office Group Inc. *et al.*

___

other economic and general damages, the exact amount of which has not been ascertained, but will be according to proof," (*id.* ¶¶ 40-41).

The court finds Plaintiff has not adequately alleged "damages to [P]laintiff as a result of the breach." *CDF Firefighters*, 158 Cal. App. 4th at 1239. "[T]o support an action at law for breach of contract, the plaintiff must show it has suffered damage." *Emerald Bay Cmty. Ass'n. v. Golden Eagle Ins. Corp.*, 130 Cal. App. 4th 1078, 1088 (2005). "Damages for breach of contract include general (or direct) damages, which compensate for the value of the promised performance, and consequential damages, which are indirect and compensate for additional losses incurred as a result of the breach." *Speirs v. BlueFire Ethanol Fuels, Inc.*, 243 Cal. App. 4th 969, 989 (2015). Consequential damages "are generally limited to those within the contemplation of the parties when the contract was entered into or at least reasonably foreseeable by them at the time." *Erlich v. Menezes*, 21 Cal. 4th 543, 550 (1999) (quoting *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 515 (1994)).

In the case, Plaintiff seeks consequential damages in the form of lost revenue, as opposed to the value of Defendant's promised performance under the Claimtek Systems Agreement, i.e., payment to use Plaintiff's software. (Compl. ¶¶ 40-41 & Exh. 1.) Consequential damages "are recoverable if the special or particular circumstances from which they arise were actually communicated to or known by the breaching party (a subjective test) or were matters of which the breaching party should have been aware at the time of contracting (an objective test)." *Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 34 Cal. 4th 960, 968-69 (2004). "Parties may voluntarily assume the risk of liability for unusual losses, but to do so they must be told, at the time the contract is made, of any special harm likely to result from a breach." *Id.* at 970. "Alternatively, the nature of the contract or the circumstances in which it is made may compel the inference that the defendant should have contemplated the fact that such a loss would be 'the probable result' of the defendant's breach." *Id.*

The court finds Plaintiff has not sufficiently demonstrated that lost revenue was a "reasonably foreseeable" result of the purported breach of a onetime software licensing agreement between the parties. *See Lewis Jorge*, 34 Cal. 4th at 970. Absent additional factual

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01696-FWS-DFM                                             Date: May 7, 2024
Title: Claimtek, LLC dba Claimtek Systems v. Med Office Group Inc. *et al.*

allegations, Plaintiff's purported consequential damages are too speculative, particularly given that Plaintiff has not adequately alleged the trademark infringement claim upon which these damages appear to be premised. *See, e.g.*, *Satvati v. Allstate Northbrook Indem. Co.*, 634 F. Supp. 3d 792, 799 (C.D. Cal. 2022) (finding plaintiff failed to plead consequential damages by alleging only "the loss of timely use of benefits; consequential damages including interest on monies; and other fees, expenses, and costs to be proven at trial"); *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. 2000) (stating California law requires a showing of "appreciable and actual damage" to assert a breach of contract claim); *In re Facebook Priv. Litig.*, 791 F. Supp. 2d 705, 717 (N.D. Cal. 2011) (stating both "nominal damages and speculative harm" are insufficient "to show legally cognizable damage under California contract law"). Therefore, the court concludes Plaintiff has failed to adequately state a claim for breach of contract claim against Med Office Group.

> *iii.  Accounting Against Both Defendants*

"An accounting is an equitable proceeding which is proper where there is an unliquidated and unascertained amount owing that cannot be determined without an examination of the debits and credits on the books to determine what is due and owing." *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1136-37 (2014) (citations omitted). "An action for an accounting has two elements: (1) 'that a relationship exists between the plaintiff and defendant that requires an accounting' and (2) 'that some balance is due the plaintiff that can only be ascertained by an accounting." *Sass v. Cohen*, 10 Cal. 5th 861, 869 (2020) (quoting *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009)). "The action carries with it an inherent limitation; an accounting action 'is not available where the plaintiff alleges the right to recover a sum certain or a sum that can be made certain by calculation.'" *Id.* (quoting *Teselle*, 173 Cal. App. 4th at 179). In addition, "[a] right to an accounting is derivative" and "must be based on other claims." *Janis v. Cal. State Lottery Comm'n*, 68 Cal. App. 4th 824, 833 (1998) (citation omitted). Thus, "[s]ome underlying misconduct on the part of the defendant must be shown to invoke the right to this equitable remedy." *Prakashpalan*, 223 Cal. App. 4th at 1137.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01696-FWS-DFM                                  Date: May 7, 2024
Title: Claimtek, LLC dba Claimtek Systems v. Med Office Group Inc. *et al.*

The court finds Plaintiff has failed to allege an accounting claim for two reasons. First, because Plaintiff's accounting claim is derivative, the accounting claim necessarily fails alongside Plaintiff's other substantive claims. *See, e.g.*, *Gilliam v. Levine*, 562 F. Supp. 3d 614, 626 (C.D. Cal. 2021) (granting summary judgment on derivative accounting claim where underlying claims failed); *Janis*, 68 Cal. App. 4th at 833-34 (1998) (holding that the plaintiff's accounting claim must fail where all other underlying claims failed). Second, Plaintiff failed to allege either a relationship between Plaintiff and Defendants necessitating an accounting or Defendants' underlying misconduct, i.e., trademark infringement. *See, e.g.*, *Meister v. Mensinger*, 230 Cal. App. 4th 381, 403-04 (2014) ("The right to an accounting will often arise where the defendant has abused a special relationship with the plaintiff, such as in cases involving trusts, partnerships and domestic relations, or fiduciary relationships."); *Wolf v. Superior Ct.*, 107 Cal. App. 4th 25, 34 (2003) ("[A] party to *a profit-sharing agreement* may have a right to an accounting, even absent a fiduciary relationship, when such a right is inherent in the nature of the contract itself.") (emphasis added).

In sum, Plaintiff has failed to adequately allege a claim for relief pursuant to its trademark infringement, false designation of origin, breach of contract, or accounting theories. Accordingly, the court concludes the second and third *Eitel* factors weigh against default judgment.

3.      Sum of Money at Stake

The fourth *Eitel* factor considers "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. This *Eitel* factor "requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." *United States v. Bronster Kitchen, Inc.*, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015). "When the sum of money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100 (N.D. Cal. 2014) (quoting *Bd. of Trs. v. Core Concrete Constr., Inc.*, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012)).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01696-FWS-DFM                          Date: May 7, 2024
Title: Claimtek, LLC dba Claimtek Systems v. Med Office Group Inc. *et al.*

     In this case, Plaintiff requests only injunctive relief, attorneys' fees, and costs. (*See* Mot. at 7, 8-10.) Because Plaintiff is not seeking any monetary damages, the court finds this factor weighs in favor of granting default judgment. *See, e.g.*, *Vietnam Reform Party v. Viet Tan-Vietnam Reform Party*, 416 F. Supp. 3d 948, 970 (N.D. Cal. 2019) (finding the fourth *Eitel* factor weighed in favor of default judgment where the plaintiff sought only injunctive relief, attorneys' fees, and costs); *Elec. Frontier Found. v. Glob. Equity Mgmt. (SA) Pty Ltd.*, 290 F. Supp. 3d 923, 947 (N.D. Cal. 2017) (same); *PepsiCo*, 238 F. Supp. 2d at 1176-77 (same).

                     4.        <u>Possibility of a Dispute Concerning Material Facts</u>

     "The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case." *PepsiCo*, 238 F. Supp. 2d at 1177. "The general rule is that a defaulting party admits the facts alleged in the complaint as true." *Constr. Laborers Tr. Funds for S. Cal. v. Anzalone Masonry Inc.*, 316 F. Supp. 3d 1192, 1202 (C.D. Cal. 2018); *see also PepsiCo*, 238 F. Supp. 2d at 1177 ("Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages.") (quoting *TeleVideo*, 826 F.2d at 917-18). Thus, "[w]here a plaintiff has filed a well-pleaded complaint, the possibility of a dispute concerning material facts is remote." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012) (citing *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921-22 (C.D. Cal. 2010)).

     However, as discussed in section III.C.2, *supra*, the court found Plaintiff did not plausibly allege its trademark infringement, false designation of origin, breach of contract, or accounting claims. Because Plaintiff has failed to state a claim upon which relief could be granted, the court concludes the fifth *Eitel* factor also weighs against granting default judgment. *See, e.g.*, *5960 Bonsall, LLC v. Lanix Expl. Inc.*, 2015 WL 1269201, at *9 (C.D. Cal. Oct. 15, 2015) (finding the fifth *Eitel* factor weighs against entering default judgment where the complaint failed to state a claim upon which relief may be granted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01696-FWS-DFM     Date: May 7, 2024
Title: Claimtek, LLC dba Claimtek Systems v. Med Office Group Inc. *et al.*

### 5. Whether Default Was Due to Excusable Neglect

"The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect." *PepsiCo*, 238 F. Supp. 2d at 1177. Where a defendant is "properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," the default "cannot be attributed to excusable neglect." *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

In this case, as discussed above, Plaintiff properly served Defendants. (*See* Dkts. 24, 25, 26.) Given that Plaintiff served Defendants with the pleadings, the court finds insufficient evidence suggesting Defendants' default resulted from excusable neglect. *See Globe Ent. & Media, Corp. v. Global Images, USA*, 2022 WL 2703845, at *5 (C.D. Cal. July 11, 2022) (finding possibility of excusable neglect "remote" where defendant was served with pleadings and motion for default judgment). Thus, the court concludes that the sixth *Eitel* factor weighs in favor of entering default judgment.

### 6. Policy Favoring Decision on the Merits

"Under the seventh *Eitel* factor, the court takes into account the strong policy favoring decisions on the merits." *Globe Ent.*, 2022 WL 2703845, at *5. Although "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, "this preference, standing alone, is not dispositive," *PepsiCo*, 238 F. Supp. 2d at 1177 (quoting *Kloepping v. Fireman's Fund*, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996)). Because default judgment would preclude a decision on the merits, the court concludes this factor weighs against entering default judgment.

### 7. Summary of the *Eitel* Factors

In conclusion, the court finds *Eitel* factors one, four, and six weigh in favor of an entry of default judgment and factors two, three, five, and seven weigh against an entry of default judgment. On balance, considering that the second and third *Eitel* factors are "the most important," *Vietnam Reform Party*, 416 F. Supp. 3d at 962, the court concludes the *Eitel* factors

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01696-FWS-DFM　　　　　　　　　　　　　Date: May 7, 2024
Title: Claimtek, LLC dba Claimtek Systems v. Med Office Group Inc. *et al.*

weigh against default judgment. Accordingly, the court **DENIES** the Motion **WITHOUT PREJUDICE**.

Furthermore, because Plaintiff's factual allegations do not establish any entitlement to relief, the court sua sponte **DISMISSES** the Complaint for failure to state a claim. *See, e.g.*, *Ariz. Bd. of Regents v. Doe*, 555 F. Supp. 3d 805, 819-20 (D. Ariz. 2021) (finding plaintiffs' failure to state claims under *Eitel* factors two and three cut in favor of sua sponte dismissing those claims because "it would be pointless to deny the default judgment but then allow those claims to linger on the Court's docket"); *United States ex rel. Lesnik v. Eisenmann SE*, 2021 WL 4243399, at *11 (N.D. Cal. Sept. 17, 2021) (denying motion for default judgment due to plaintiff's failure to state a claim and sua sponte dismissing claim); *Doe v. Qi*, 349 F. Supp. 2d 1258, 1334 (N.D. Cal. 2004) (denying in part motion for default judgment and dismissing claims subject to that denial); *Aldabe*, 616 F.2d at 1092-93 (affirming district court's denial of default judgment and sua sponte dismissal of claims).

The court **GRANTS** Plaintiff leave to file an amended complaint that addresses the deficiencies identified above. *See, e.g.*, *Walters v. Mitchell*, 600 F. Supp. 3d 1177, 1189-89 (W.D. Wash. 2022) (denying motion for default judgment and granting leave to amend complaint); *Golden W. Veg., Inc. v. Bartley*, 2017 WL 386254, at *6 (N.D. Cal. Jan. 27, 2017) (same); *J&J Sports Prods., Inc. v. Crawford*, 2016 WL 5942231, at *2 (N.D. Cal. Oct. 13, 2016) (same). Plaintiff is **ORDERED** to file an amended complaint, if any, on or before **June 7, 2024**. If Plaintiff files an amended complaint, Plaintiff may not move for default judgment as to the amended complaint unless and until Defendants fail to respond to the properly served amended complaint and Plaintiff obtains an entry of default from the Clerk.[3] *See* Fed. R. Civ. P. 55; L.R. 55-1.

Failure to comply with the court's order or prosecute this action may result in dismissal. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to

---

[3] Plaintiff may re-serve Defendants pursuant to the alternative service methods previously authorized by the court. (*See* Dkt. 21.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01696-FWS-DFMDate: May 7, 2024
Title: Claimtek, LLC dba Claimtek Systems v. Med Office Group Inc. *et al.*

prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 693, 699 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution.").

### IV. Disposition

For the reasons stated above, the Motion is **DENIED WITHOUT PREJUDICE**. The court also **DISMISSES** the Complaint **WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**. Plaintiff is **ORDERED** to file any amended complaint consistent with this Order on or before **June 7, 2024**.

**IT IS SO ORDERED.**Initials of Deputy Clerk: mku