UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL     JS-6**

Case No. 8:22-cv-01696-FWS-DFM                                          Date: June 14, 2024
Title: Claimtek, LLC dba Claimtek Systems v. Med Office Group Inc. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

<u>Rolls Royce Paschal for Melissa H. Kunig</u>                        <u>     N/A     </u>
    Deputy Clerk                                                                                  Court Reporter

Attorneys Present for Plaintiff:                                      Attorneys Present for Defendants:

    Not Present                                                                                     Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING CASE WITH PREJUDICE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDER**

    In this case, Plaintiff Claimtek, LLC ("Plaintiff") asserts that Defendants Med Office Group Inc. and its principal John Warren (together, "Defendants") infringed Plaintiff's "MEDOFFICE" trademark. (*See generally* Dkt. 1.) Although Defendants failed to respond to the Complaint by the deadline, Plaintiff failed to take any action. Accordingly, the court issued an order to show cause ("OSC") regarding dismissal for lack of prosecution. (Dkt. 27.) In response to the OSC, Plaintiff filed an application for the clerk to enter default against Defendants. (Dkt. 28.) The clerk did so. (Dkt. 29.)

    Plaintiff then filed a motion for default judgment. (Dkt. 33.) On May 7, 2024, however, the court denied without prejudice Plaintiff's motion for default judgment. (Dkt. 35.) The court explained that Plaintiff failed to sufficiently allege its claims against Defendants. (*Id.* at 7-13.) Indeed, the court specifically identified and described the deficiencies, including Plaintiff's failure to adequately allege a likelihood of consumer confusion on its trademark infringement claim, failure to adequately allege damages on its breach of contract claim, and failure to sufficiently allege its accounting claim. (*Id.* at 7-13.) Based on these pleading deficiencies, the court also *sua sponte* dismissed Plaintiff's Complaint for failure to state a claim. (*Id.* at 16.) The court granted Plaintiff leave to file an amended complaint addressing the identified

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL   JS-6**

Case No. 8:22-cv-01696-FWS-DFM                                  Date: June 14, 2024
Title: Claimtek, LLC dba Claimtek Systems v. Med Office Group Inc. *et al.*

deficiencies and ordered Plaintiff to file any amended complaint on or before June 7, 2024. (*Id.* at 16.) Further, the court noted that "[f]ailure to comply with the court's order or prosecute this action may result in dismissal," citing authority regarding court authority to dismiss actions with prejudice for lack of prosecution. (*Id.* at 16-17.) Now, several days days after the court's deadline for Plaintiff to file an amended complaint, Plaintiff has filed nothing. (*See generally* Dkt.)

District courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, these factors support dismissal due to Plaintiff's failure to prosecute this case and comply with the court's order setting a June 7, 2024, deadline to amend its Complaint to address the deficiencies the court specifically identified in its order. As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The second factor also favors dismissal because "it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642. When a plaintiff fails to follow a court order to file an amended complaint, "the action to come[s] to a complete halt," which allows a plaintiff "to control the pace of the docket rather than the Court." *Yourish*, 191 F.3d at 990 (finding that this factor favored dismissal when the plaintiffs had 60 days to file an amended complaint and instead tardily filed a motion for clarification); *Alliant Credit Union v. Vessel EAGLE REST*, 2010 WL 3746727, at *1 (N.D. Cal. Sept. 20, 2010) (explaining that a plaintiff's failure to comply with a court order to file an amended complaint or dismiss "inherently delays resolution of the case and works to the detriment of the public").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL     JS-6**

Case No. 8:22-cv-01696-FWS-DFM                           Date: June 14, 2024
Title: Claimtek, LLC dba Claimtek Systems v. Med Office Group Inc. *et al.*

---

As to the third factor, "the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely amend." *Yourish*, 191 F.3d at 991. Here, Plaintiff offers no reason for failing to timely file an amended complaint. This factor therefore favors dismissal. *See id.* at 991–92 ("Plaintiffs' paltry excuse for his default on the judge's order [to file an amended complaint] indicates that there was sufficient prejudice to Defendants from the delay that this factor also strongly favors dismissal.").

Fourth, the public policy favoring disposition on the merits generally weighs against dismissal, but "it logically rests upon an inherent presumption a litigant . . . has manifested a diligent desire to prosecute his or her claims." *Ewing v. Ruano*, 2012 WL 2138159, at *2 (C.D. Cal. June 12, 2012). Indeed, "it is the plaintiff's responsibility to move a case toward a merits disposition." *Thomas v. Kernan*, 2019 WL 8888200, at *1 (C.D. Cal. July 10, 2019) (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)). Plaintiff's repeated failure to timely prosecute this case, including its failure to file a sufficient complaint by the court's generous deadline, lessens the weight of the public policy favoring disposition on the merits. *See Ewing*, 2012 WL 2138159, at *2. This factor is neutral.

Finally, the court has attempted less drastic alternatives, but they have failed. The court gave Plaintiff a month to file an amended complaint addressing the identified deficiencies. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992) ("Here the fact that the district court first allowed Ferdik an additional thirty days in which to amend his complaint to bring it into compliance with Rule 10(a), constituted an attempt at a less drastic sanction to that of outright dismissal."). The court also warned Plaintiff that failure to file an amended complaint by the court's deadline would result in dismissal of its clams. (Dkt. 35 at 3 ("Failure to comply with the court's order or prosecute this action may result in dismissal.")); *see Ferdik*, 963 F.2d at 1262 ("[A] district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."); *Alliant Credit Union*, 2010 WL 3746727, at *2 ("The Court's prior order warned Plaintiff that the failure to file an amended complaint or a notice of voluntary dismissal

---

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL     JS-6**

Case No. 8:22-cv-01696-FWS-DFM                                      Date: June 14, 2024
Title: Claimtek, LLC dba Claimtek Systems v. Med Office Group Inc. *et al.*

___

would result in the dismissal of the action."). This favor therefore weighs strongly in favor of dismissal.

Taken together, the relevant factors weigh in favor of dismissal. *Cf. Ferdik*, 963 F.2d 1258, 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here."). The court gave Plaintiff a substantial amount of time to file an amended complaint addressing specifically-identified deficiencies, and warned Plaintiff that failure to file an amended complaint by the deadline would result in dismissal, yet Plaintiff failed to file an amended complaint by the deadline or otherwise prosecute this case. Plaintiff's complaint is therefore **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  rrp/mku

___